IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **CALVIN DREW, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No. 1:25-cv-02797-STA-jay |
| ) | |
| **LOWE'S HOME CENTERS, LLC** ) | |
| **d/b/a LOWE'S HOME** ) | |
| **IMPROVEMENT,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER ON PLAINTIFF'S NOTICE OF VOLUNTARY NON-SUIT**

Before the Court is Plaintiff Calvin Drew, Sr.'s Notice of Voluntary Non-Suit (ECF No. 16) filed November 3, 2025.  Plaintiff's filing states that he "stipulate[s] that any and all claims asserted in this action, be voluntarily non-suit without prejudice."  The filing is signed only by counsel for Plaintiff.

"Rule 41 provides two main mechanisms by which a plaintiff may voluntarily dismiss its case."  *Wellfount, Corp. v. Hennis Care Centre of Bolivar, Inc.*, 951 F.3d 769, 772 (6th Cir. 2020).  A plaintiff may file a "self-effectuating," *id.*, notice of voluntary dismissal without a court order, as long as the opposing party has not yet "serve[d] either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A).  "After service of an answer or summary judgment motion, and if no stipulation of dismissal is obtained, an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." *Walther v. Fla. Tile, Inc.*, 776 F. App'x 310, 314–15 (6th Cir. 2019) (citing Fed. R. Civ. P. 41(a)(2)); *see also* Fed. R. Civ. P. 41, Advisory Committee Notes to 1946 Am. ("Since [a motion for

1

summary judgment] may require even more research and preparation than the answer itself, there is good reason why the service of the motion, like that of the answer, should prevent a voluntary dismissal by the adversary without court approval.").

The Court finds that Plaintiff's Notice of Voluntary Non-Suit does not comply with Rule 41(a)(1)(A).  Plaintiff presents his notice in a manner that is self-effectuating, that is, signed only by counsel for Plaintiff.  However, Defendant Lowe's Home Centers, LLC has filed its Answer (ECF No. 8).  The Court has entered a scheduling order and set the case for trial next year.  Under the circumstances Plaintiff can only voluntarily dismiss his Complaint by filing a stipulation signed by both parties or a motion to dismiss with the Court.  Without a stipulation or a motion to dismiss, Plaintiff's Notice does not result in the dismissal of the case.  Plaintiff has 7 days from the entry of this order to correct the filing.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 3, 2025